UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MAURICE BUNKLEY,

               Petitioner,               Case Number: 2:16-CV-11235

v.                                  HON. VICTORIA A. ROBERTS
                                  UNITED STATES DISTRICT JUDGE

THOMAS WINN,

               Respondent.

_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE
UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Petitioner Maurice Bunkley, a Michigan state prisoner, has filed a *pro se* petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below,

the Court determines that this is a successive habeas corpus petition and orders it

transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28

U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

Bunkley challenges his 1983 convictions for first-degree murder, Mich. Comp.

Laws § 750.316, and possession of a firearm during the commission of a felony, Mich.

Comp. Laws § 750.227b.  In 1998, Bunkley filed a habeas corpus petition in this Court

---

[1]     28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court
> finds that there is a want of jurisdiction, the court shall, if it is
> in the interest of justice, transfer such action or appeal to any
> other such court in which the action or appeal could have
> been brought at the time it was filed or noticed . . .

challenging the same convictions challenged in this petition.  On August 2, 1999, the

Honorable Paul V. Gadola issued an Opinion and Order denying Petitioner relief.  In the

decision, Judge Gadola addressed and rejected Petitioner's claims on the merits.  *Bunkley*

*v. Elo*, 1999 U.S. Dist. LEXIS 23487 (E.D. Mich. Aug. 2, 1999).

Before a prisoner may file a habeas petition challenging a conviction already

challenged in a prior habeas petition, the prisoner must "move in the appropriate court of

appeals for an order authorizing the district court to consider the application."  28 U.S.C.

§ 2244(b)(3)(A).  When a habeas corpus petition is dismissed based on a procedural bar,

such a dismissal is a dismissal "on the merits."  *In re Cook*, 215 F.3d 606, 607 (6th Cir.

2000).  Bunkley's prior habeas petition was denied on the merits, and Bunkley has not

obtained from the Court of Appeals for the Sixth Circuit authorization to file a successive

petition.  When a second or successive petition for habeas corpus relief is filed in the

district court without prior authorization, the district court must transfer the petition to the

Court of Appeals.  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **ORDERS** the District Court Clerk to transfer this case to

the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

> S/Victoria A. Roberts
> VICTORIA A. ROBERTS
> UNITED STATES DISTRICT JUDGE

Dated: 5/3/2016

2